WILSON *v.* SPRAGUE.

CANCELLATION OF INSTRUMENTS—DEEDS—CONTRACTS—EQUITY.
In suit for cancellation of plaintiff's deed of farm to defendants and their contract to provide him with home and suitable care and maintenance during remainder of his life, decree in favor of plaintiff on condition that he pay defendants $250, *held*, equitable, where evidence shows that it is impossible for parties to continue under contractual arrangement.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 7, 1932. (Docket No. 68, Calendar No. 36,150.) Decided April 4, 1932.

Bill by Frank Wilson against Earl Sprague and another to set aside a deed and cancel a contract. Decree for plaintiff. Defendants appeal. Affirmed.

*Leo W. Hoffman* and *Clare E. Hoffman,* for plaintiff.

*I. C. Montague,* for defendants.

NORTH, J. Plaintiff is a man 64 years of age, a widower, totally blind, somewhat deaf, and has in recent years resided upon a 50-acre farm located in Cheshire township, Allegan county, worth approximately $4,500. The defendant Earl Sprague is plaintiff's nephew. On the 7th day of December, 1929, in accordance with an arrangement entered into between the parties, plaintiff executed a quitclaim deed of his farm to defendants, who are husband and wife, and simultaneously plaintiff and de-

fendants entered into a contract by which defendants undertook to occupy the farm home with plaintiff and provide him with suitable care and maintenance during the remainder of his life and upon his death give him a respectable burial. The deed was left in escrow with the attorney by whom it was prepared. Following the execution of the deed and contract defendants moved upon the farm and continued to reside there with the plaintiff until July 24, 1930, at which time the parties seem to have had some rather serious trouble. Plaintiff thereupon left the farm home and went to reside with his daughter in Allegan, Michigan, where he has since remained.

On September 15, 1930, plaintiff filed the bill of complaint herein, and, upon the ground of mistake and defendants' failure to perform under the contract, seeks cancellation of his deed to defendants and of the contract between the parties. The defendants answered. Testimony was taken before the circuit judge, who found that "it is apparent" that all the parties are aware "that it is impossible" to continue under the contractual arrangement, that "the situation that arose was the natural consequence of what might have been foreseen;" and that it would be inequitable to refuse cancellation. Relief prayed was granted upon the condition that plaintiff should pay to the defendants $250. No costs were awarded. The defendants appealed.

Consideration of the record leads to the conclusion that in making the foregoing disposition of the case the circuit judge was seeking to reimburse defendants at least in part for expenses incurred incident to the arrangement made by the parties. There are many details of the record which we have not herein set forth; but upon review of the case we

are satisfied that the circuit judge made a fair and equitable disposition of the controversy. The decree entered in the circuit court is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.